## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Felix Alberto Acuna Carmona, | Case No. 25-CV-0581 (KMM/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden, FCI Sandstone, | |
| Respondent. | |

This matter is before the Court on review of the petition for a writ of habeas corpus of petitioner Felix Alberto Acuna Carmona. (Doc. 1.) Mr. Acuna Carmona challenges the determination of the Federal Bureau of Prisons ("BOP") that he is ineligible to apply time credits earned under the First Step Act of 2018 ("FSA") due to a final order of removal having been entered against him. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws."). The government was previously directed to supply evidence that Mr. Acuna Carmona is subject to a final order of removal. (Doc. 3.) In response, the government has submitted a copy of what appears to be a facially valid Notice and Order of Expedited Removal entered with respect to Mr. Acuna Carmona on July 19, 2024. *See* Declaration of Jaime Fogt Ex. B (*found at* Doc. 6-2). Mr. Acuna Carmona was afforded an opportunity to reply to the government's response but has failed to do so, and the deadline for filing a reply has now expired.

1

Mr. Acuna Carmona's habeas petition can be understood as raising any of three possible claims.[1] The first potential claim is that Mr. Acuna Carmona is simply not subject to a final order of removal and therefore the exclusion of § 3632(d)(4)(E)(i) does not apply to him. As just explained, however, the government has submitted evidence establishing that Mr. Acuna Carmona is, in fact, subject to a final order of removal, and Mr. Acuna Carmona has not submitted any countervailing evidence or provided any reason to believe that the order of removal does not apply to him. *See also Portocarrero-Valencia v. Warden, FCI Otisville*, No. 24-CV-6413 (CS), 2025 WL 670911, at *5-7 (S.D.N.Y. Feb. 28, 2025) (collecting cases for proposition that a Notice and Order of Expedited Removal constitutes a final order of removal for purposes of § 3632(d)(4)(E)(i)).

The second potential claim is that even if an order of removal has been entered, the limitation of § 3632(d)(4)(E)(i) should not be applied because there was a defect in the removal proceedings that calls into doubt the validity of the order of removal—for example, because the removal proceedings did not comport with due process. Federal district courts, however, lack jurisdiction to review the legality of any final order of removal. *See* 8 U.S.C. § 1252(g). Mr. Acuna Carmona cannot argue in this habeas proceeding that he should not have been made subject to a final order of removal; this is not the appropriate venue for such a challenge to the validity of the underlying removal proceedings.

---

[1] Attached to Mr. Acuna Carmona's habeas petition is what appears to be a memorandum prepared on behalf of a different habeas petitioner. *See* ECF No. 1-1. This Court assumes that Mr. Acuna Carmona intends to assert the arguments in that memorandum to the extent that those arguments are relevant to his case.

2

The third potential claim is that even if a final order of removal has been entered with respect to Mr. Acuna Carmona, and even if that order of removal is valid, Mr. Acuna Carmona had earned time credits under the FSA prior to the entry of the order of removal, and the BOP cannot now take those time credits away. "Petitioner bases this request on his belief that he has a vested interest in those credits . . . . The inherent flaw in Petitioner's argument, however, is that the very credits he seeks to protect—those granted by the [FSA]—are inherently contingent on Petitioner not receiving a final order of removal." *Mitchell-Palacio v. FCI Fort Dix (Warden)*, No. 24-CV-9831 (KMW), 2024 WL 4542223, at *1 (D.N.J. Oct. 21, 2024). Under the plain text of § 3632(d)(4)(E)(i), regardless of whether a prisoner has earned FSA credits, that prisoner will be unable to *apply* those credits towards his or her sentence should the prisoner become subject to a final order of removal. The BOP's actions are fully consistent with the text of the statute.

Mr. Acuna Carmona has failed to establish an entitlement to habeas corpus relief. Accordingly, it is recommended that his habeas petition be denied and this matter dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Felix Alberto Acuna Carmona [ECF No. 1] be DENIED.

2. This matter be DISMISSED.

Dated: March 14, 2025          _s/Douglas L. Micko_____
                                                  Douglas L. Micko
                                                  United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).